UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FULTON Q. GRIFFITH,

    Plaintiff,

v.                                              Case No. 8:11-cv-2251-T-23TGW

JUDGE HAWORTH,

    Defendant.
_____/

## O R D E R

An inmate in the custody of the Florida Department of Corrections, Griffith paid the full filing fee and filed a paper entitled "Motion for Standing to Enforce 18 U.S.C. § 242 Enforcement Statue [sic] on Criminal Deprivation of Constitutional Rights While Acting Under Color of Law." (Doc. 1) The one-page, handwritten document fails to meet the pleading requirements of Rules 8, 10, and 11, Federal Rules of Civil Procedure. Griffith, a frequent litigant, is familiar with the requirements for drafting a complaint. In fact, Griffith is subject to the "three strikes" provision in 28 U.S.C. § 1915(g), which bars his filing a civil rights complaint in forma pauperis.[1] See e.g., Griffith v. Jenkins, 8:11-cv-1485-T-23TGW.

---

[1] Even though Griffith is not proceeding in forma pauperis, the complaint is subject to review and dismissal under Section 1915A, Title 28, United States Code, if "a prisoner seeks redress from a governmental" official and the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief."

Griffith aspires, purportedly under 18 U.S.C. § 242, to criminally prosecute a state judge because the judge allegedly acted "under color of law."[2] As a private citizen, Griffith lacks the capacity to commence a federal criminal prosecution, a mechanism available exclusively to the prosecutor. As stated recently in McGinley v. Fla. Dep't of Highway Safety and Motor Vehicles, ___ Fed. App'x ___, 2011 WL 3428128, *1 (11th Cir. August 8, 2011):

> Although the McGinleys could have brought a wrongful death suit against those people they believed responsible for Kevin's death, the McGinleys could not have brought criminal charges against them. See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); State v. Cain, 381 So. 2d 1361, 1367 (Fla.1980) ("[T]he discretion of a prosecutor in deciding whether and how to prosecute is absolute in our system of criminal justice."). Because only [the prosecutor] could have brought charges, the McGinleys did not have a right of access to the courts to bring criminal charges and they suffered no legal injury as a result of his actions. And without a legal injury the McGinleys are without standing to pursue this claim.

Accordingly, the civil rights complaint is **DISMISSED**. The clerk shall enter a judgment against Griffith and close this case.

ORDERED in Tampa, Florida, on October 7, 2011.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[2] The statute establishes criminal penalties for someone who "under color of any law, . . . willfully subjects any person . . . to the deprivation of any rights . . . secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, . . . by reason of his color, or race, than are prescribed for the punishment of citizens. . . ." 18 U.S.C. § 242. Griffith provides no fact showing the statute's applicability.