UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FULTON Q. GRIFFITH,

    Plaintiff,

v.                                                        Case No. 8:11-cv-2251-T-23TGW

JUDGE HAWORTH,

    Defendant.
_____/

**O R D E R**

    This case was closed (Doc. 3) because Griffith lacks the capacity to commence a federal criminal prosecution. Griffith's earlier purported amendments or supplements (Doc. 7, 10, 12, and 15) were stricken. The motions for judicial notice (Doc. 9 and 13) and to alter or amend a judgment (Doc. 5) were similarly denied. Griffith files a document labeled a "Motion Pursuant 28 U.S.C. 455(I), Fed. Rul. Civ. P., Removal of Judicial Officer Now a Party." (Doc. 17) In essence, Griffith seeks a recusal of the district judge and the reassignment of this case.

    Recusal is governed by 28 U.S.C. § 455, which requires a judge to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The standard for determining recusal is "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *United*

*States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003) (citation omitted), *cert. denied*, 540 U.S. 1149 (2004).  The alleged bias must be personal, not simply based on adverse rulings.  "[I]t is well settled that the allegation of bias must show that the bias is personal as distinguished from judicial in nature.  As a result, except where pervasive bias is shown, a judge's rulings in the same or a related case are not a sufficient basis for recusal."  *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (citations omitted).  *See also Byrne v. Nezhat*, 261 F.3d 1075, 1103 (11th Cir. 2001) ("[A]dverse rulings alone do not provide a party with a basis for holding that the court's impartiality is in doubt.").

Griffith argues that recusal is required because Griffith named the district judge as a defendant in this case.  Griffith attempted to add the district judge as a defendant (Doc. 15) after three purported amendments or supplements (Doc. 7, 10, and 12) to the complaint were stricken and motions both for judicial notice (Doc. 9 and 13) and to alter or amend a judgment (Doc. 5) were denied.  Courts throughout the country have held that a party cannot "judge shop" by creating the basis on which the party seeks recusal, such as the party's naming the judge as a defendant.  *See, e.g., Sullivan v. Conway*, 157 F.3d 1092, 1096 (11th Cir. 1998) ("It is improper for a lawyer or litigant . . . to *create* the ground on which he seeks the recusal of the judge assigned to his case.  That is arrant judge-shopping.") (emphasis original); *United States v. Pryor*, 960 F.2d 1, 3 (1st Cir. 1992) ("Defendant contends the judge should have recused himself and not have presided over the sentencing because of bias due

to the fact that defendant had brought a civil suit against him. . . . It cannot be that an automatic recusal can be obtained by the simple act of suing the judge."); *United States v. Studley*, 783 F.2d 934, 940 (9th Cir. 1986) ("A judge is not disqualified by a litigant's suit or threatened suit against him, or by a litigant's intemperate and scurrilous attacks."); and *United States v. Grismore*, 564 F.2d 929, 933 (10th Cir. 1977) ("A judge is not disqualified merely because a litigant sues or threatens to sue him."), *cert. denied*, 435 U.S. 954 (1978).

Accordingly, Griffith's motion for removal (Doc. 17) is **DENIED**. This case remains closed.

ORDERED in Tampa, Florida, on November 20, 2012.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE